UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY SHAWN JANOE,<br><br>                              Plaintiff,<br><br>          v.<br><br>K. RASKE,<br><br>                              Defendant. | Civil No.    08cv1603 CAB<br><br>**ORDER GRANTING DEFENDANT'S<br>MOTION TO DISMISS**<br>**[Doc. No. 12.]** |

## I.  INTRODUCTION

Plaintiff Bobby Shawn Janoe, a state prisoner proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, against Defendant K. Raske, an employee of the California Department of Corrections and Rehabilitation at Calipatria State Prison.  Plaintiff alleged a claim for denial of access to the courts in violation of the Fourteenth Amendment.  On March 25, 2009, Defendant moved to dismiss the First Amended Complaint.  Plaintiff submitted an opposition on May 28, 2009.  Defendant filed a reply on June 5, 2009.  The Court finds this matter suitable for submission without oral argument pursuant to Local Civil Rule 7.1(d).  For the reasons set forth below, Defendant's motion is **GRANTED**.

## II.  FACTUAL BACKGROUND

At all relevant times, Plaintiff was incarcerated at Calipatria State Prison ("Calipatria").  Defendant Raske, a library technical assistant, was responsible for the administration of the law library program on A-Facility Yard at Calipatria.  (First Amended Complaint at ¶ 4.)  Her duties included processing law library request slips from prisoners and assigning a date and time for prisoners to access

the law library based on these requests.  (*Id.*)  Defendant Raske was also responsible for ensuring the legal materials in the law library were in good condition.  (FAC at ¶ 14.)

On June 21, 2006, Plaintiff filed a notice of appeal from Imperial County Superior Court Case No. L-01506.  (FAC at ¶ 13.)  Plaintiff's opening appellate brief was due on October 4, 2006.  (FAC at ¶ 17.)  Defendant Raske did not grant Plaintiff access to the law library for the entire month of August.  (FAC at ¶ 15.)  Although Plaintiff was able to access the law library in September and October, his research sessions were not productive due to the poor condition of the law books.  (FAC at ¶ 17.)

On October 11, 2006, Plaintiff received notice from the Superior Court that his appeal was in default because he had not filed an opening brief.  (FAC at ¶ 18.)  On October 26, 2006, Plaintiff received notice of his failure to clear the default.  (FAC at ¶ 20.)  On November 16, 2006, Plaintiff received an order dismissing his appeal due to his failure to file an opening appellate brief.  (FAC at ¶ 22.)  Plaintiff's failure to file an opening appellate brief was the direct result of the denial of library access during the month of August as well as the poor condition of the law books.  (*Id.*)

### III.  JUDICIAL NOTICE

A court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment.  *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).  On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so "not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity."  *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (quoting *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426-27 (3rd Cir.1999)).  Accordingly, the Court takes judicial notice of the following court records from *Janoe v. Cebreros, et al.*, Case No. L-01506, filed in the Imperial County Superior Court as a limited civil action:

(1)  Complaint filed by Plaintiff Bobby Janoe on July 15, 2003 (Defendant's Exhibit A);

(2)  First Amended Complaint, filed January 8, 2004 (Defendant's Exhibit B);

(3)  Order Denying Reconsideration from the Appellate Division of the Imperial County Superior Court, filed on April 4, 2006 (Defendant's Exhibit F); and

///

1    (4)  Order and Judgment, filed May 15, 2006, granting the defendant's motion for judgment on

2    the pleadings (Defendant's Exhibit G).

3    **IV.  DISCUSSION**

4    Defendant argues the First Amended Complaint should be dismissed because Plaintiff fails to

5    state a cognizable claim for relief under the Fourteenth Amendment, or in the alternative, because

6    Defendant Raske is entitled to qualified immunity.  Because the Court finds the FAC should be

7    dismissed for failure to state a claim, it is not necessary to address the issue of qualified immunity.

8    **A.**    **Legal Standard**

9    Federal Rule of Civil Procedure 12(b)(6) provides for dismissal for "failure to state a claim upon

10    which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "A Rule 12(b)(6) dismissal motion 'can be

11    granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her

12    claim.'"  *Holley v. Crank*, 400 F.3d 667, 674 (9th Cir. 2005) (internal citation omitted).  "All allegations

13    of material fact are taken as true and construed in the light most favorable to the nonmoving party."

14    *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989).  The dispositive issue is "not whether a plaintiff will

15    ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *Jackson*

16    *v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

17    Furthermore, civil rights complaints are construed liberally.  *See Holley*, 400 F.3d at 674.  Courts

18    "have an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the

19    pleadings liberally and to afford the petitioner the benefit of any doubt."  *Bretz v. Kelman*, 773 F.2d

20    1026, 1027 (9th Cir. 1985) (*en banc*) (internal citation omitted).  "However, a liberal interpretation of a

21    civil rights complaint may not supply essential elements of the claim that were not initially pled."  *Ivey v.*

22    *Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (internal citation omitted).

23    "Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic*

24    *Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  Courts do not assume the truth of legal

25    conclusions merely because they are cast in the form of factual allegations.  *Papasan v. Allain*, 478 U.S.

26    265, 286 (1986).

27    ///

28    ///

08cv1603

1

## B.     Access to the Courts

"[T]he Constitution guarantees that prisoners, like all citizens, have a reasonably adequate opportunity to raise constitutional claims before impartial judges." *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2404 (2006).  However, the right of access to the courts protects only an inmate's need and ability to "attack [his] sentence[], directly or collaterally, and ... to challenge the conditions of [his] confinement." *Lewis v. Casey*, 518 U.S. 343, 355 (1996).  Claims that challenge the conditions of a prisoner's confinement are limited to "civil rights actions," *i.e.*, actions under 42 U.S.C. § 1983, to vindicate basic constitutional rights. *See id*.  Furthermore, the underlying cause of action must be "nonfrivolous" and a Plaintiff must "show that the 'arguable' nature of the underlying claim is more than hope." *Christopher v. Harbury*, 536 U.S. 403, 416 (2002).

Here, Plaintiff alleges the denial of access to the law library in August and the poor condition of law books in September and October prevented him from filing the opening appellate brief in his appeal from the dismissal of *Janoe v. Cebreros, et al.*, L-01506.   *Janoe v. Cebreros* was a limited civil suit filed in the Imperial County Superior Court seeking monetary damages for general negligence and an intentional tort.  (Defendant's Exhibit A at 001–004; Defendant's Exhibit B at 118.)  The complaint alleged some of Plaintiff's books and transcripts were lost or destroyed after they were confiscated by correctional officers during a search.  (Defendant's Exhibit B at 115, 117.)

The complaint named correctional officers Cebreros and Torrent and the California Department of Corrections as defendants.  Both of the correctional officers were dismissed from the action following the trial court's order quashing service of process.  The trial court's decision was confirmed by the Appellate Division of the Imperial County Superior Court.[1]  (Defendant's Exhibit F at 132-34.)  As a result, the sole remaining defendant was the State of California, by and through the California Department of Corrections.  (Defendant's Exhibit G at 136.)  On April 26, 2006, the trial court granted the defendants' motion for judgment on the pleadings on the grounds that the State of California is immune from liability for the alleged tort under both California and Federal law.  (*Id*. at 137.)

///

---

[1] In a limited civil case, an appeal of a ruling by a superior court judge is to the appellate division of the superior court.  Cal. Code of Civ. P. § 904.2.

1    Plaintiff argues he was going to raise seven non-frivolous issues on appeal from the dismissal of

2    his case.  (FAC at ¶ 13.)  However, several of these issues were not relevant to the appeal because they

3    concerned the tort liability of officers Cebreros and Torrent.  These officers were no longer parties to the

4    case at the time of the final judgment because they had been dismissed from the case ever since the trial

5    court quashed service of process.  To the extent Plaintiff wanted to raise the issue of service of process

6    on appeal, he had already appealed that issue and his appeal was denied by the Appellate Division of the

7    Imperial County Superior Court.  (Defendant's Exhibit F at 132-34.)  As a result, the only issue properly

8    raised on appeal was whether or not the California Department of Corrections, a state agency, was

9    immune from liability for Plaintiff's claims of negligence and intentional tort.[2]

10    Plaintiff's appeal from the trial court's dismissal of his tort action is insufficient to state a claim

11    for a denial of access to the courts for several reasons.  First, the action from which Plaintiff sought to

12    appeal, *Janoe v. Cebreros, et al.*, L-01506, was neither a habeas petition nor a civil rights matter and

13    thus cannot support a constitutional claim for denial of court access.  *See Lewis*, 518 U.S. at 355.  While

14    the complaint mentioned several constitutional rights in passing, the substance and purpose of the

15    complaint was the officers' and the State's alleged liability for the loss or destruction of his personal

16    property.  (Defendant's Exhibit B at 117.)  The only two claims alleged in the complaint were for

17    "negligence" and "intentional tort."  (*Id*. at 118.)  Were the Court to find such a complaint "challenged

18    the conditions of [Plaintiff's] confinement," it would open the door for prisoners to plead an access to

19    the courts claim based on any civil filing, so long as they mentioned a constitutional right somewhere in

20    the body of the underlying complaint.  *Cf. Lewis*, 518 U.S. at 354-55 (stating "we felt compelled to

21    justify even this slight extension of the right of access to the courts [to include actions under 42 U.S.C. §

22    1983], stressing that the demarcation line between civil rights actions and habeas petitions is not always

23    clear, and that [i]t is futile to contend that the Civil Rights Act of 1871 has less importance in our

24

---

25    [2] Plaintiff also sought to appeal whether or not he was "denied access to the courts" when the
trial court did not rule on his motion to appear personally at the hearing on the motion for judgment on
26    the pleadings.  (FAC at ¶ 13.)  Plaintiff is confusing *constitutional* access to the courts, *i.e.*, the right to
bring to court a habeas petition or civil rights complaint, with *physical* access to the courthouse.
27    Plaintiff did not have a constitutional right to be physically present at the hearing on the motion for
judgment on the pleadings.  *Cf. Potter v. McCall*, 433 F.2d 1087, 1088 (9th Cir. 1970) (stating "[w]hen a
28    plaintiff in a civil rights suit is confined in a state prison at the time of a hearing, he has no right to
appear personally.").

08cv1603

1   constitutional scheme than does the Great Writ.") (internal quotations omitted).  Plaintiff's allegations of

2   negligence and intentional tort concerned the loss or destruction of his personal property, not the

3   conditions of his confinement.  *See id.*

4          Second, the only issue properly raised in Plaintiff's appeal was whether or not the California

5   Department of Corrections, a state agency, was immune from liability for Plaintiff's claims of

6   negligence and intentional tort.  This question of tort liability did not challenge the conditions of his

7   confinement and thus cannot support a constitutional claim for denial of court access.  *See id.*

8          Finally, assuming *arguendo* Plaintiff's appeal was found to challenge the conditions of his

9   confinement, Plaintiff would still fail to state a claim because the "arguable" nature of his appeal was no

10  more than hope.  *See Christopher*, 536 U.S. at 416.  Plaintiff's only issue on appeal was whether or not

11  the Department of Corrections, a state agency, was immune from liability for Plaintiff's claims of

12  "negligence" and "intentional tort."  California law does not provide for common law government tort

13  liability.  Except as otherwise provided by statute, there is no liability on the part of a public entity for

14  any act or omission of itself, a public employee, or any other person.  Cal. Govt. Code §§ 815,

15  844.6(a)(2).  Federal law is similarly clear that absent a waiver or valid congressional override, the

16  Eleventh Amendment bars such suits against state entities.  *E.g.*, *Dittman v. California*, 191 F.3d 1020,

17  1025-26 (9th Cir. 1999).  Thus, assuming *arguendo* the appeal challenged the conditions of his

18  confinement, Plaintiff still fails to state a claim for an access to the courts violation because the

19  "arguable" nature of the appeal was no more than hope.  *See Christopher*, 536 U.S. at 416.

## V. CONCLUSION

21         Based on the foregoing, Defendant's motion to dismiss the First Amended Complaint is

22  **GRANTED**.  Furthermore, this is Plaintiff's second opportunity to allege a claim for denial of access to

23  the courts.  Plaintiff's original complaint was dismissed without prejudice because the allegations

24  regarding his underlying "negligence and intentional tort" action failed to show he was precluded from

25  pursuing a non-frivolous direct or collateral attack upon either his criminal conviction or sentence or the

26  conditions of his current confinement.  [Doc. No. 3 at 5.]  Plaintiff was notified of both the legal

27  requirements of an access to the courts claim and the specific deficiencies of his pleadings.  [*See id.*]

28  Nevertheless, the First Amended Complaint contains the same deficiencies.  It is clear from the

08cv1603

allegations of the First Amended Complaint and the files and records of which the Court has taken judicial notice that Plaintiff cannot rectify the deficiencies of his access to the courts claim through additional allegations.[3]   Accordingly, the dismissal is **without leave to amend** and **with prejudice**.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

  **IT IS SO ORDERED**.


DATED:  June 8, 2009

               _____
               **CATHY ANN BENCIVENGO**
               United States Magistrate Judge

---

[3] Plaintiff alleged for the first time in his opposition that the denial of access to the law library in August and the poor condition of the law books prevented him from petitioning the California Court of Appeal for an order to have his appeal transferred from the Appellate Division of the Superior Court to the Court of Appeal.  (Opposition at 18.)  Upon this motion to dismiss, it is the allegations in the FAC itself that are at issue.  New allegations in the opposition cannot stand in for allegations within the complaint.  *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).  However, new allegations may be considered by the Court to determine whether leave to amend should be granted.  *Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137 (9th Cir. 2001).  Given the Court of Appeal only orders such transfers when it "appears necessary to secure uniformity of decision or to settle important questions of law," Cal. Civ. Proc. Code § 911, it is doubtful whether the appellate court would have transferred Plaintiff's appeal concerning the tort liability of the Department of Corrections.  In any event, a transfer to the Court of Appeal would not have changed the fact the underlying action was neither a habeas petition nor a civil rights matter or that no arguable issue was raised on appeal.  Thus, the new allegations do not present grounds for granting leave to amend.